```
              DISTRICT COURT OF THE VIRGIN ISLANDS
              DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,       )
                                )
        Plaintiff,              )
                                )
        v.                      )     Criminal No. 2016-24
                                )
CHINTAMKUMAR PATEL,             )
                                )
        Defendants.             )
                                )
                                )
_____)
```

**ATTORNEYS:**

**Ronald Sharpe, United States Attorney**
**Everard E. Potter, AUSA**
United States Attorney's Office
St. Thomas, U.S.V.I.
  *For the United States of America,*

**Omodare Jupiter, FPD**
**Kia Danielle Sears, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
  *For Tequan Anthony Joseph*,

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Chintamkumar Patel ("Patel") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including May 1, 2018.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically

*United States v. Patel*
Criminal No. 2016-24
Order
Page 2

finds that extending this period would be in the best interest of justice for several reasons. First, Patel and the United States have reached an agreement for Patel to participate in a pretrial diversion program. If Patel successfully completes the program, the United States has agreed to dismiss Patel's case. An extension is necessary to allow Patel to complete the pretrial diversion program. Second, an extension is necessary to allow Patel time to explore other plea options and to adequately prepare for trial. Third, Patel made this request with the advice and consent of counsel.

    Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994); *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *see also United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Brooks*, 697 F.2d 517, 522 (3d Cir.

*United States v. Patel*
Criminal No. 2016-24
Order
Page 3

1982) (holding there was no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through May 1, 2018 shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

S\_____
**Curtis V. Gómez
District Judge**